IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EVANS, JR.,

    Petitioner,

v.

CONNIE GIPSON, Acting Warden,

    Respondent.
_____/

No. C 11-03129 SBA (PR)

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; DISMISSING HIS PETITION WITH LEAVE TO AMEND; AND DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL**

    Petitioner, a prisoner of the State of California, filed a document with the Court in the instant case, which was opened as a habeas corpus action. Petitioner also seeks leave to proceed in forma pauperis. He has also filed a motion for appointment of counsel.

## DISCUSSION

**A.**   **Standard of Review**

    A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

    A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B. **Petitioner's Claims**

Based on the information in the instant petition, the Court cannot determine whether Petitioner has exhausted his claims in the California courts before filing this habeas action. Federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). Therefore, Petitioner cannot present claims to this Court which he has not first raised in the highest state court available, the Supreme Court of California, usually by direct appeal or by way of a state habeas petition.

The Court cannot fairly evaluate the petition in its present state. Accordingly, the Court will allow Petitioner an opportunity to file an amended petition on the Court's habeas form to correct these deficiencies.

### C. **Request for Appointment of Counsel**

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

Courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the

1 claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965). Under the foregoing standard, the Court finds that appointment of counsel is not warranted. Thus, Petitioner's motion for appointment of counsel is DENIED.

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis is GRANTED.

2. Petitioner's motion for appointment of counsel is DENIED.

3. No later than **thirty (30) days** from the date of this Order, Petitioner shall file with the Court the attached 28 U.S.C. § 2254 habeas petition form, completed in full, including the state post-conviction relief he has sought and any claims he seeks to raise in federal court. Petitioner must set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California. Finally, he should clearly write in the correct caption and case number for this action, C 11-03129 SBA (PR).

4. If Petitioner fails to file a completed § 2254 habeas petition form within the thirty-day deadline, the case will be closed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order); see also Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

5. The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form.

6. This Order terminates Docket nos. 3 and 4.

IT IS SO ORDERED.

DATED: 9/8/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES EVANS JR.,

        Plaintiff,

v.

STATE OF CA et al,

        Defendant.

Case Number: CV11-03129 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Evans F-06497
California State Prison - Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309

Dated: September 9, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk