IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, JR., | No. C 11-3129 SBA (PR) |
| Petitioner, | **ORDER DENYING MOTION TO BAR ATTORNEY GENERAL'S OFFICE FROM REPRESENTING RESPONDENT AND DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| STATE OF CALIFORNIA, | |
| Respondent. | (Docket no. 13) |

Petitioner has filed a request to bar the Attorney General's Office from representing Respondent in this action based on an alleged "conflict of interest." He claims that the Attorney General's Office's "bad faith" resulted in the constitutional violations that form the basis of his habeas petition. However, Petitioner fails to support his conclusory assertions with any specific facts or relevant evidence. Thus, Petitioner's request to bar the Attorney General's Office from representing Respondent in this action is DENIED (docket no. 13).

Petitioner has also filed a second motion for appointment of counsel. Second, the Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801

1 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234
2 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by
3 limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or
4 mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired
5 petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the
6 claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually
7 complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and
8 Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances
9 of a particular case indicate that appointed counsel is necessary to prevent due process violations.
10 See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965). At this time,
11 the Court is unable to determine whether the appointment of counsel is mandated for Petitioner.
12 Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's second
13 request is DENIED (docket no. 13). This denial is without prejudice to the Court's sua sponte
14 reconsideration should the Court find an evidentiary hearing necessary following consideration of
15 the merits of Petitioner's claims.
16     This Order terminates Docket no. 13.
17     IT IS SO ORDERED.
18 Dated: 12/12/11

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  JAMES EVANS JR.,                              Case Number: CV11-03129 SBA

5           Plaintiff,                           **CERTIFICATE OF SERVICE**

6    v.

7  STATE OF CA et al,

8           Defendant.                        /

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on December 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
   in the Clerk's office.

13

14

15 James Evans F-06497
   California State Prison - Corcoran
16 P.O. Box 8800
   Corcoran, CA 93212-8309

17
   Dated: December 13, 2011
18                                              Richard W. Wieking, Clerk
                                                By: LISA R CLARK, Deputy Clerk
19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.11\Evans3129.DENYBarAG&2ndAtty.wpd          3