United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, JR., <br><br> Petitioner, <br> v. <br><br> CONNIE GIPSON, Acting Warden, <br><br> Respondent. <br> _____ / | No. C 11-3129 YGR (PR) <br><br> **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; DENYING CERTIFICATE OF APPEALABILITY; AND TERMINATING REMAINING PENDING MOTIONS AS MOOT** <br><br> (Docket Nos. 16, 18, 20, 21, 22, 24) |

## INTRODUCTION

Petitioner James Evans, Jr., a state prisoner incarcerated at the California State Prison - Corcoran, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Pet."). Before the Court is Respondent's motion to dismiss ("MTD") the instant petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## BACKGROUND

On September 1, 2005, a jury convicted Petitioner of assault with a deadly weapon and found that he had inflicted great bodily harm upon the victim. (MTD, Ex. 1.) The trial court also found that Petitioner had violated his parole in a separate case in which he had been convicted of possession of a controlled substance. (*Id*.) On November 18, 2005, the trial court sentenced Petitioner to the upper of four years for the assault charge, three years for the great bodily harm charge, and a consecutive sentence of eight months for the probation violation. (*Id.*) On May 30, 2007, the California Court of Appeal vacated Petitioner's sentence and remanded his case for resentencing in light of new Supreme Court precedent. (*Id*.)

On June 22, 2007, the People of the State of California filed a petition for review in the California Supreme Court. (MTD, Ex. 2.) On August 27, 2008, the state supreme court transferred the matter to the California Court of Appeal and instructed that court to reconsider Petitioner's case in light of the case *People v. Towne*, 44 Cal. 4th 63 (2008). (*Id.*)

On October 17, 2008, the California Court of Appeal affirmed the judgment. (MTD, Ex. 4.)

On February 20, 2009,[1] Petitioner filed a habeas petition in the California Court of Appeal. (MTD, Ex. 5.) On February 26, 2009, the state appellate court denied the petition. (MTD, Ex. 6.)

On March 26, 2009, Petitioner filed a petition for review in the California Supreme Court. (MTD, Ex. 7.) On May 20, 2009, the state supreme court denied review. (MTD, Ex. 8.)

On June 7, 2009,[2] Petitioner filed a habeas petition in the California Supreme Court. (MTD, Ex. 9.) On November 10, 2009, the state supreme court denied the petition. (MTD, Ex. 10.)

On February 7, 2010,[3] Petitioner filed a second habeas petition in the California Supreme Court. (MTD, Ex. 11.) On September 15, 2010, the state supreme court denied the petition, citing *In re Clark*, 5 Cal. 4th 750 (1993). (MTD, Ex. 12.)

On June 19, 2011,[4] Petitioner filed a third habeas petition in the California Supreme Court. (MTD, Ex. 13.) On June 27, 2011, the state supreme court denied the petition, citing *In re Clark*, 5 Cal. 4th at 767-769, *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and *In re Waltreus*, 62 Cal. 2d 218, 225 (1965). (MTD, Ex. 14.)

On September 18, 2011,[5] Petitioner filed the present petition. (Docket No. 8.)

---

[1] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). Because the record does not indicate the date that Petitioner submitted his state appellate court petition to prison authorities, the Court will use February 20, 2009, the date that the petition was received by the California Court of Appeal, as the date it was deemed filed. Meanwhile, Petitioner's first, second, and third state supreme court petitions were signed on June 7, 2009, February 7, 2010, and June 19, 2011, respectively. (MTD, Exs. 9, 11, 13.) Petitioner signed his federal habeas petition on September 18, 2011. (Docket No. 8.) For the purposes of this discussion, the Court deems that the aforementioned petitions were filed on those dates.

[2] *See supra* note 1.

[3] *Id*.

[4] *Id*.

[5] *Id*.

2

On January 13, 2012, Respondent filed her motion to dismiss the petition as untimely. (Docket No. 22.) On January 30, 2012, Petitioner filed his opposition ("Opp'n"). (Docket No. 26.) On March 27, 2012, Respondent filed her reply to the opposition. (Docket No. 28.)

## DISCUSSION

AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. *See id.* "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by

Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

In the present case, the limitations period started running on August 18, 2009 -- when Petitioner's sentence became final ninety days after the California Supreme Court denied review. *See id*. Thus, Petitioner had one year from the time the limitations period started running -- or until August 18, 2010 -- to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until September 18, 2011-- more than one year after the limitations period had expired. The petition is therefore untimely *unless* Petitioner can show that he is entitled to tolling.

## I. Statutory Tolling

A petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under 28 U.S.C. § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)), *abrogated on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005).

In *Carey v. Saffold*, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in higher court. *See id. at 220-25.* The limitations period remains tolled during an entire "round" of state habeas petitions, including the reasonable intervals between petitions filed in successively higher state courts as well as periods when the petitions are actually pending in those state courts. *Id*. at 221-23. The limitations period is not tolled, however, during the interval between multiple "rounds" of habeas petitions filed through successive state courts. *Gibson v. Duncan*, 339 F.3d.

4

1045, 1048 (9th Cir. 2003).

A state habeas petition filed *before the limitations period begins to run* tolls the limitation period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). However, an application for state post-conviction or other collateral review filed *after the limitations period has ended* cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed).

In the present case, Petitioner filed his first round of state habeas petitions beginning on February 20, 2009, before the limitations period began to run on August 18, 2009. Pursuant to *Jiminez*, Petitioner is entitled to statutory tolling for the duration of this round of petitions because they were filed before the commencement of the limitations period. 276 F.3d at 482. Therefore, Petitioner is entitled to statutory tolling for a total of 263 days, which is calculated from February 20, 2009 (when he first filed a state habeas petition in the California Court of Appeal) through November 10, 2009 (when the California Supreme Court denied his first state habeas petition).

Subsequently, Petitioner filed two other state habeas petitions in the California Supreme Court. Pursuant to *Gibson*, Petitioner is *not* entitled to any statutory tolling for the periods of time *between* the multiple "rounds" of habeas petitions filed through successive state courts. 339 F.3d at 1048. Thus, Petitioner is not entitled to tolling from November 10, 2009 (the date the California Supreme Court denied his first habeas petition) to February 7, 2010 (the filing date of his second habeas petition in the California Supreme Court), and from September 15, 2010 (the date the California Supreme Court denied his second habeas petition) to June 19, 2011 (the filing date of his third habeas petition in the California Supreme Court).

Additionally, Respondent argues that Petitioner is not entitled to any tolling while these two other state habeas petitions were pending in the California Supreme Court because these petitions were denied as untimely. (MTD at 4.) Respondent's argument is based on the California Supreme Court's denial of Petitioner's second and third state habeas petitions which cites to *In re Clark*. (*Id.*)

The case stands for the proposition that the petitions were untimely.[6] (*Id.*) Accordingly, Respondent claims that the two other state habeas petitions did not extend the period of statutory tolling through June 27, 2011, when the California Supreme Court denied Petitioner's third state habeas petition.

A petitioner is not entitled to any statutory tolling for any petition denied by the state courts as untimely because such a petition is considered "neither 'properly filed' nor 'pending'" in the state courts within the meaning of 28 U.S.C. § 2244(d)(2). *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (citing *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) *as amended by* 439 F.3d 993 (9th Cir. 2006), (citing *Pace*, 544 U.S. at 417)). The Supreme Court has made clear that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. In addition, the Supreme Court has held that a citation to *In re Clark* and *In re Robbins* signals a habeas petition has been denied as untimely. *Walker v. Martin*, 131 S. Ct. 1120, 1124 (2011).[7]

In *In re Clark*, the California Supreme Court held that "the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied." 5 Cal. 4th at 797. The lengthy opinion primarily discusses the standards for applying, as well as the exceptions to, the procedural bars against successive and/or untimely petitions. *Id.* The California Supreme Court concluded that the petitioner's "unjustified delay in presenting his claims bar[red] consideration of the merits of the petition." *Id.* at 759. The opinion also discusses other limitations on collateral attack in the state courts. *See id.* at 763-76.

In *Thorson*, the California Supreme Court summarily denied Thorson's habeas petition with a citation to *In re Robbins*. The Ninth Circuit held that the California Supreme Court had "clearly

---

[6] The Court notes that the third state supreme court petition was denied with additional citations, namely *In re Robbins* and *In re Waltreus*. (MTD, Ex. 14.) However, Respondent does not address these cases in her motion.

[7] In California, a state habeas petitioner who "belatedly presents a collateral attack . . . [must] explain the delay in raising the question." *In re Swain*, 34 Cal. 2d 300, 302 (1949). The rule in *In re Swain* "is commonly referred to as the 'untimeliness' bar." *Washington v. Cambra*, 208 F.3d 832, 833 (9th Cir. 2000).

6

rejected Thorson's habeas petition as untimely" by citing *In re Robbins*, 18 Cal. 4th at 780, because the court's summary order cited the very page of *In re Robbins* that sets forth the basic analytical framework governing California's timeliness determinations in habeas corpus proceedings.

In *Bonner*, the state superior court explained that it was denying Bonner's petition because, among other reasons, Bonner had either made the same claims in his earlier petition or could have done so, and that there was no reason stated for any delay in this regard. 425 F.3d at 1148. The Ninth Circuit held that "it is clear that the [state superior] court was denying Bonner's petition as untimely." *Id.* The Ninth Circuit further noted that the superior court's language tracked California's requirement that, to avoid the state's timeliness bar, "a petitioner bears the burden of establishing: (i) the absence of substantial delay, (ii) good cause for such delay, or (iii) that his claims fall within one of four exceptions to such bar." *Id.* The record showed that Bonner had waited over four years to file his second petition. *Id.* The Ninth Circuit found that because California courts have deemed shorter periods substantial delay,[8] Bonner had to establish good cause of his four-year delay. *Id.* "When the court noted that Bonner had asserted no reason for his delay, then, the court was explaining that he had not met his burden of establishing good cause." *Id.*

In the present case, as mentioned above, on September 15, 2010, the California Supreme Court denied Petitioner's second state supreme court petition citing only *In re Clark*. As mentioned above, the *In re Clark* opinion discusses the procedural bars against both successive and/or untimely state habeas petitions. 5 Cal. 4th at 759. Unlike in *Thorson*, the state supreme court's denial did not cite to any specific pages in the *In re Clark* opinion indicating that it was based on untimeliness grounds. However, the Supreme Court has held that a citation to *In re Clark* and *In re Robbins* signals a habeas petition has been denied as untimely. *Walker*, 131 S. Ct. at 1124. In addition, the Ninth Circuit has held that *In re Clark* deals specifically with the state procedural bar of untimeliness. *See Lakey v. Hickman,* 633 F.3d 782, 786 (9th Cir. 2011) (citing *Park v. California*, 202 F.3d 1146, 1152 n.3 (9th Cir. 2000)). Moreover, this Court finds, as in *Bonner*, that the denial

---

[8] *Bonner*, 425 F.3d at n.15 (citing *In re Sanders*, 21 Cal. 4th 697 (1999) (three years delay); *In re Gallego*, 18 Cal.4th 825 (1998) (three years, nine months delay)).

must have been based on untimeliness grounds because Petitioner's delay was substantial. As explained above, Petitioner filed his first state supreme court petition on June 7, 2009, and he waited eight months before filing his second state supreme court petition. While Petitioner's eight-month delay was less than Bonner's four-year delay, the Ninth Circuit has recognized that California courts have deemed shorter periods substantial delay.[9]  *See Bonner*, 425 F.3d at 1148. Petitioner therefore had to establish good cause of his eight-month delay. Like Bonner, Petitioner had either made the same claims in his first state supreme court petition, or could have done so, but there is no evident reason for any delay in this regard. Thus, Petitioner could not have met his burden of establishing good cause. Absent good cause, the state's untimeliness bar applied to him. Because the state supreme court denied the second state supreme court petition as untimely, that petition was not "properly filed" under AEDPA. Therefore, Petitioner is not entitled to statutory tolling with respect to this petition.

On June 19, 2011, Petitioner filed his third state supreme court petition. On June 27, 2011, the California Supreme Court denied Petitioner's third state supreme court petition citing to both *In re Robbins* and *In re Clark*.[10] As previously discussed, the Supreme Court has held that a citation to *In re Clark* and *In re Robbins* signals a habeas petition has been denied as untimely. *Walker*, 131 S. Ct. at 1124. Additionally, pursuant to *Thorson*, the citation to *In re Robbins*, 18 Cal. 4th at 780,

---

[9] In *Lakey*, the Ninth Circuit determined that the time frame at issue of 267 days (or 8 months and 24 days) was substantial, and thus the state habeas petition was deemed untimely under California law because the state supreme court cited *In re Clark*. 633 F.3d at 786.

[10] The Court notes that the state supreme court in its summary denial of Petitioner's third supreme court petition referenced three decisions, including *In re Waltreus*. In general, a solitary reference to *In re Waltreus* in a state supreme court's summary denial would not suggest the petition was untimely as it does not stand for that proposition. Because California's *In re Waltreus*' bar is not related to untimeliness, petitions rejected under this bar are properly filed as long as they were properly delivered and accepted. *See Smith v. Duncan*, 297 F.3d 809, 812 (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606, 608 (9th Cir. 2007). Here, however, because the state supreme court also cited *In re Clark* and *In re Robbins*, Ninth Circuit authority allows this Court to deem these cases as the controlling statement underlying the state supreme court's summary decision, namely untimeliness. *See Park,* 202 F.3d at 1152 n.3.

suggests that the third state supreme court petition was denied based on untimeliness because the state supreme court cited to the page in *In re Robbins* that discusses timeliness determinations. (MTD Ex. 14.)  Because the state supreme court's citation to *In re Robbins* was a clear ruling that the third state supreme court petition was untimely, it was not "properly filed" under AEDPA. Therefore, Petitioner is also not entitled to statutory tolling with respect to this petition.

In sum, Petitioner is only entitled to statutory tolling as to his first full round of state habeas petitions -- **a total of 263 days**.  Because the first full round of state habeas petitions was filed before the limitations period started, statutory tolling of the limitations period began on the commencement date, August 18, 2009.  Accordingly, the limitations period was tolled for the same period, **263 days**, or from August 18, 2009 until May 8, 2010.  The limitations period then began to run again on May 8, 2010.

With respect to Petitioner's second and third state supreme court petitions, it can be said that the California Supreme Court "clearly ruled" they were "untimely."  *Pace*, 544 U.S. at 414 (quoting *Carey*, 536 U.S. at 226).  Therefore, Petitioner is not entitled to statutory tolling as to these petitions because they are considered "neither 'properly filed' nor 'pending'" in the state courts within the meaning of 28 U.S.C. § 2244(d)(2).  *Thorson*, 479 F.3d at 645.  Because Petitioner is not eligible for further statutory tolling, the one-year limitations period expired one year from May 8, 2010, on May 8, 20*11*.  Petitioner did not file the present petition until September 18, 2011 -- four months after the limitations period expired.  Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

In summary, even though he is entitled to some statutory tolling, Petitioner did not meet the one-year requirement for filing the instant federal habeas petition.  His petition is barred as untimely unless he can show that he is entitled to equitable tolling of the limitations period.

II.     **Equitable Tolling**

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "When

9

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner does not expressly state in his opposition to Respondent's motion to dismiss that he is entitled to equitable tolling. Additionally, based on a review of the facts presented in detail in the record, the Court concludes that nothing suggests the possibility of equitable tolling. Petitioner alleges no facts from which the Court could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances which were beyond his control and which made it impossible to file a timely federal petition. It was Petitioner's delay in pursuing his federal court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. *See Miranda*, 292 F.3d at 1065. Therefore, the limitations period will not be equitably tolled.

Accordingly, Respondent's motion to dismiss the petition as untimely (Docket No. 22) is GRANTED. The present petition is DISMISSED because it was not timely filed under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll.

10

§ 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED as to all claims.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.  Respondent's motion to dismiss the petition as untimely (Docket No. 22) is GRANTED.

2.  The Court DENIES a COA as to Petitioner's entire petition.

3.  The Clerk of the Court shall enter judgment, terminate all pending motions as moot (Docket Nos. 16, 18, 20, 21, 24), and close the file.

4.  This Order terminates Docket Nos. 16, 18, 20, 21, 22, and 24.

IT IS SO ORDERED.

DATED:   September 12, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**